

**FILED**

4:54 pm, 8/14/25

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

RANDALL THOMAS BAILEY,

Petitioner,

VS.

WILLIAM KIRLIN,

UNITED STATES OF AMERICA,

Respondents.

Case No.  25-CV-00182-SWS

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

The above-entitled matter came before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Randall Thomas Bailey. [ECF 1]. This Court has preliminarily reviewed the petition pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases and finds it must be dismissed because it plainly appears from the petition that the petitioner is not entitled to relief.

### *DISCUSSION*

Rule 4 of the Rules Governing Section 2254 Cases requires this Court to preliminarily review petitions and dismiss them "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.  Rule 1(b) permits this Court to apply Rule 4 to petitions for writs of habeas corpus arising under statutes other than § 2254.  Rules Governing Section 2254 Cases in the United States District Courts,

1

Rule 1(b). Mr. Bailey filed his petition pro se. The Court liberally construes the filings of pro se litigants and holds them to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 949, n. 10 (10th Cir. 2021). However, "it is not . . . the 'proper function of the district court to assume the role of advocate for the pro se litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Mr. Bailey is currently housed at the Platte County Detention Center pending trial on federal criminal charges[1] for two counts of possession of a firearm by a person subject to a court order pursuant to 18 U.S.C. §§ 922(g)(8) and 924 (a)(8), possession of a machine gun pursuant to 18 U.S.C. §§ 922(o) and 924(a)(2), and possession of an unregistered firearm pursuant to 26 U.S.C. § 5861(d). *Bailey v. United States*, No. 25-CR-00115-SWS, ECF No. 21 (D. Wyo. indicted July 16, 2025). On April 29, 2025, the magistrate judge ordered Mr. Bailey detained. The Court referenced Mr. Bailey's prior criminal history, history of violence or use of weapons, the nature of the offense, pending charges out of Park County, Wyoming, failure to comply with the state court's orders, and serious danger for a person or the community in making its decision. *Bailey*, No. 25-CR-00115-SWS, ECF No. 18. Mr. Bailey filed this habeas petition pursuant to 28 U.S.C. § 2241, arguing his bail amount is excessive and his detention violates the Bail Reform Act of 1984. [ECF 1 p. 6]

---

[1] This case was initially brought by way of a criminal complaint on April 2, 2025. *Bailey*, No. 25-CR-00115-SWS, ECF No. 1.

Mr. Bailey was detained and facing charges in Park County, WY prior to the federal charges that are the subject of 25-CR-00115-SWS. The Government filed a motion for a writ of habeas corpus ad prosequendum. *Bailey*, No. 25-CR-00115-SWS, ECF No. 6. The Court granted the order and issued the writ. *Id.* at ECF Nos. 7 & 8. Mr. Bailey appears to be complaining about both his detention in Park County and his federal detention. [ECF 1] Mr. Bailey's complaints about his state bond amount are irrelevant because he is in federal custody and will not be returned to state custody until the end of his federal case. *Bailey*, No. 25-CR-00115-SWS, ECF No. 8. Thus, the Court turns to his challenge of his federal pretrial detention.

While 28 U.S.C. § 2241 can be used in very limited circumstances by federal pretrial detainees, generally, they must exhaust other available remedies. *Medina v. Choate*, 875 F.3d 1025, 1026 (10th Cir. 2017). As the Tenth Circuit recognized, there have been few published opinions on the issue, however those that have been issued have uniformly held that federal prisoners cannot use habeas corpus proceedings to bypass the functions of the trial court. *Id.* at 1027-29 (collecting and discussing cases). The Tenth Circuit adopted "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Id.* at 1029. It reasoned "[i]t is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge." *Id.*

Here, as Mr. Bailey recognizes, there is an alternative process in the trial court to review his pretrial detention. The Bail Reform Act provides two avenues to review detention decisions. When the prisoner requests "reconsideration of a detention or release

order by the same judicial officer who entered the initial order" 18 U.S.C. § 3142(f) applies.

*United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).  That provision provides that

> [t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

28 U.S.C. § 3142(f).  If the prisoner seeks review of a decision made by "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court" they can bring the challenge under 18 U.S.C. § 3145 without having new information.  18 U.S.C. § 3145; *Cisneros*, 328 F.3d at 614.  In a published opinion the Tenth Circuit cited with approval opinions from the Seventh and Fifth Circuits holding that prisoners should challenge their detention orders under § 3145 rather than through § 2241 habeas petitions. *Medina*, 875 F.3d at 1026 (citing *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Fassler v. United States*, 861 F.2d 1006, 1017-18 (5th Cir. 1988); *Williams v. Hackman*, 364 Fed.Appx. 268, 268 (7th Cir. 2010) (unpublished)).  In an unpublished opinion, the Tenth Circuit held a prisoner could not use § 2241 to challenge his detention because he had not exhausted his remedies under the Bail Reform Act.  *Thompson v. Robins*on, 565 F. App'x 738, 739 (10th Cir. 2014).  Mr. Bailey cannot bypass the procedures and remedies of the trial court by filing this habeas petition.  He must seek review of his detention in his criminal case.

Mr. Bailey must seek review of his detention in the criminal case in which Mr. Bailey is represented by counsel (Mr. Custis).  Moreover, to avoid issues in that matter, Mr.

Bailey is advised there is no constitutional right to simultaneous self-representation and representation by counsel—known as hybrid representation. *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).  Mr. Bailey must challenge his detention through his retained counsel in his criminal case under the procedures outlined in the Bail Reform Act above discussed.

28 U.S.C. § 2253(c) and rule eleven of the Rules Governing Section 2254 Cases require this Court to "issue or a deny a certificate of appealability when the Court enters a final order adverse to the applicant." Rule Governing Section 2254 Cases in the United States District Courts, Rule 11.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Bailey cannot make such and showing and the Court will not issue a certificate of appealability.

***CONCLUSION***

For the reasons discussed above, Mr. Bailey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** a Certificate of Appealability (COA) is **SHALL NOT ISSUE**.

Dated this <u>15th</u> day of August, 2025.

Scott W. Skavdahl
United States District Judge